The **ELISIAN GUILD, Inc.**, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. A. No. 67–170–F.

United States District Court
D. Massachusetts.

Oct. 22, 1968.

Gerald T. O'Hara, John L. Saltonstall, Jr., Hill & Barlow, Boston, Mass., for plaintiff.

Paul F. Markham, U. S. Atty., Joseph A. Lena, Asst. U. S. Atty., for defendant.

## OPINION

FRANCIS J. W. FORD, District Judge.

This is an action to recover an alleged overpayment of federal income tax by the plaintiff corporation, on the ground that the corporation was exempt from income taxes under 26 U.S.C. § 501(c)(3).

Elise Nevins Morgan during her lifetime was the author of numerous writings of an inspirational character, religious but non-sectarian in nature. Some of this material she had printed in book form, and until her death in 1954 sold or gave away almost 160,000 copies of these books. After her death her husband, William Finley Morgan, continued to fill orders from the supply of books which she had left. In 1961 Morgan and several others interested in continuing to keep Mrs. Morgan's writings available formed the plaintiff corporation as a non-profit charitable organization with no capital stock under the provisions of Mass.G.L. Ch. 180.

The plaintiff's Articles of Organization stated as its purposes:

"to collect and edit, and to publish, disseminate and distribute to the public for educational and religious purposes essays, articles, books, pamphlets and works of art, and dramatic works, dealing with, commenting upon or expounding some aspect of the Christian religion, Christian teaching, and the lives of great Christians and the Christian way of life, or religions, religious teachers, religious leaders or ways of life in the Christian tradition, or consistent with Christianity and its doctrines, the works to be so disseminated to include but not to be limited to those of the late Elise Nevins Morgan; to acquire, hold, use and dispose of real and personal property necessary or appropriate to the above purpose, including but not limited to copyrights; *provided*, that no property of the corporation real, personal or mixed shall be used for or enure to the benefit of any member of the corporation at any time whatsoever but shall be used only for the purposes hereinbefore set forth." [1]

The sole activity of the plaintiff since its organization has been the solicitation of orders for, and the publication and distribution of publications written by the late Mrs. Morgan. The copyrights to these publications are owned by the plaintiff. Plaintiff does not conduct lectures or broadcasts. It does not operate reading rooms or schools or conduct

---

[1]. On February 20, 1964, after the tax year involved here, the plaintiff's Articles of Organization were amended by adding the following paragraphs:

"This Corporation is organized exclusively for educational and religious purposes, and only in furtherance of these purposes will the Corporation carry out the activities set forth in its Articles of Organization.

"In the event the Corporation is dissolved or annulled, all property of the Corporation, or the proceeds thereof, shall not go to or enure to the benefit of the members of the Corporation nor be divided among them, but, after payment of all just debts and expenses of the Corporation, shall be distributed and paid over to such institution or institutions in the Commonwealth as the Trustees shall designate, provided such institution or institutions shall be organized for charity and not for profit."

church services or religious programs. It is not affiliated with any church or religious body and all of its books are non-sectarian. It makes no gifts to any religious or other tax-exempt organizations.

Plaintiff prepares new editions of Mrs. Morgan's books, adding new material from her manuscripts. Most of the books sell at a retail price of $2.50. The usual 40% trade discount is given to churches and schools, and also on orders of $10 or more to booksellers and individuals. In 1962 plaintiff sold 313 books for a total price of $615.70 and gave away five books.

Plaintiff has no salaried employees. It pays part-time employees for editorial work, proofreading and typing, and incurs costs for printing, stationery, postage and legal services. It also does some advertising by sending flyers to a selected mailing list.

Plaintiff has not had a net profit on its business operations in any year since its organization. It has from time to time received gifts from Mr. Morgan. In 1962 plaintiff had non-operating income arising from its gain on the sale of certain stock which had been received as a gift from Mr. Morgan, and it was on this income that the tax at issue here was paid, after the Commissioner of Internal Revenue had denied plaintiff's request for determination that it was an exempt organization. Admittedly the tax was payable unless plaintiff is exempt under 26 U.S.C. § 501(c) (3).

So far as pertinent here, § 501(c) (3) exempts from taxation "(3) Corporations * * * organized and operated exclusively for religious, charitable * * * or educational purposes * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual * * *". It is to be noted that this requires that the corporation be both organized and operated exclusively for one or more of the exempt purposes mentioned in the statute. Cf.

Treasury Regulations, 26 C.F.R. § 1.501 (c) (3)–1.

While plaintiff's Articles of Organization contain a general statement of religious and educational purposes, these Articles as they read in 1962 did not limit the corporation exclusively to such purposes. The specific purpose set forth in the Articles is that of religious book publishing. Moreover, while the Articles did provide that the property of the corporation was not to enure to the benefit of any member of the corporation they did not specifically provide that the property should on dissolution be used only for exempt purposes. 26 C.F.R. § 1.501 (c) (3)–1(b).

The operations of the plaintiff corporation were also limited to the conduct of a religious book publishing business. This was not only its principal but its sole substantial activity. This is not a case where a religious or educational organization engaged in a publishing activity as an incidental means of promoting its principal activity. Unity School of Christianity v. Commissioner, 4 B.T.A. 61. Plaintiff was clearly engaged primarily in a business activity, and it conducted its operations, although on a small scale, in the same way as any commercial publisher of religious books for profit would have done. The fact that the ultimate purpose of the organizers of the corporation was a religious or educational one and not their own personal profit does not confer tax exemption. Neither does the fact that plaintiff, presumably because of the limited market for its publications, never actually made a net profit on its publishing business. Fides Publishers Association v. United States, D.C., 263 F.Supp. 924; Scripture Press Foundation v. United States, Ct.Cl., 285 F.2d 800.

The conclusion is that in the tax year in issue plaintiff was neither organized nor operated for an exempt purpose so as to be entitled to exemption from income tax under 26 U.S.C. § 501(c) (3).

Judgment will be entered for defendant.